EBRIGHT, Tee v. HEIDE et.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1636. Decided Nov. 28, 1927.

**First Publication of This Opinion.**

### Syllabus by Editorial Staff.

1271. WILLS AND LEGACIES—1197. Trusts and Trustees.

Where testator devises personal property, one-half to wife and one-half to trustee, with direction to trustee to invest and pay income to daughter for life, income accruing during administration of estate, held not a part of the corpus. Such income should be immediately paid to daughter.

Appeal from Common Pleas.

Thos. J. Burgett, Columbus and Barton Walters, Circleville, for Ebright.

Allen Pretzman, Columbus, for Heide et.

### FULL TEXT.

ALLREAD, J.

This action involves the construction of the will of Werner Heide, deceased. The case has been brought to this court on the appeal of the trustee under the will. A motion has been filed to dismiss R. F. Hamilton and D. A. Ebright from the appeal. We think, however, that the appeal of the trustee brings up the entire case and that Hamilton and Ebright are proper parties. Motion overruled.

The portion of the will involved is the third item which is as follows:

"Item 3. All my personal property consisting of stocks, bonds, savings stamps, notes, secured by mortgage, and money on hand or deposited in bank, I desire to be divided in two equal parts. The one half I give & bequeath to my wife Clara Heide.

"The other half I direct it be kept invested in good income securities or Building & Loan in the City of Columbus, Ohio, by a Trustee and the income from same to be paid to my daughter Elsie Heide during her life time, and at her death, the above mentioned one half of property under Item (3) be equally divided between Robert F. Hamilton and Elma Hamilton Ebright of Columbus, Ohio.

"As trustee for the above mentioned one half under Item (3) I hereby appoint John Schmidt, Supt. of Green Lawn Cemetery, Columbus, Ohio, in the event that he should from any cause be incapcitated

for said service then and in that event I hereby appoint, Zaner Ebright, of Columbus, Ohio."

The executor settled the estate, paid one half the fund remaining after payment of debts and charges against said estate to Clara Heide, widow, and the remaining half to the trustee provided for in the will.

The question presented for judicial consideration is stated in the petition as follows:

"Included in the above. sum was dividends, interest and income amounting to $1,661.20 which had accrued on funds of said decedent in the hands of said administrator during the administration of said estate * * * the defendant Robert F. Hamilton and Elma Hamilton Ebright both claim that said sum of $1,661.20 which was income and increase during the process of settlement of said estate, became and now is part of the corpus of said trust fund and that the defendant Elsie Heide is not entitled to any income therefrom except such as has or will accrue and be earned by said trust fund since the date it was paid over to the plaintiff herein."

The case was submitted in the court below and is submitted here upon an answer and an agreed statement of facts. The agreed statement of. facts does not change those stated in the paragraphs quoted from the petition except a slight change as to the amount of the income upon the portion of the fund devised to the trustee. It is clear from the evidence that the controverted fund arose out of the income and dividends which came into the hands of the executor and which are directly or indirectly merged into the fund paid by the executor to the trustee. The question, therefore, is under Item 3 of the will, is Elsie Heide entitled to receive immediately this amount as income which accumulated during the executorship of the estate. This question has been ably argued by counsel. Counsel have referred to the rule of the common law approved by the courts of this state that pecuniary devises do not take effect until one year after the death of the testator. This, however, is not a pecuniary devise nor is it governed by the rules in respect to pecuniary devises. We think this question must be determined upon the face of the will as a matter of intention of the testator. It is argued that the creation of a special trust at the conclusion of the administration of the estate raises an inference that the testator intended that the entire fund distributed to the trustee should be the corpus upon which the future income was to be paid to Elsie Heide, daughter of the testator, and that it would follow that all income arising during the administration of the estate should go into the corpus of the fund. Upon a careful reading of the will, however, we think that the testator did not intend to limit the income of his estate to that arising subsequent to the beginning of .the trusteeship. The natural effect of the language used would indicate an intention on the part of the. testator to devise the income represented by the portion of the estate as trustee from the date of the testator's death. There is also a legal presumption, which we think applies here, that a specific devise speaks as of the date of the death of the testator. The evidence having clearly identified the fund amounting to $1,666.50 as income and dividends from the estate of the testator during the administration of the estate, the same should be paid immediately to Elsie Heide and the balance of the fund should be held in trust according to the provisions of Item 3 of said will.

In respect to the apportionment of costs and expenses we approve the action of the Court of Common Pleas.

Decree accordingly.

(Ferneding and Kunkle, JJ., concur.)